IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE ACKIE,<br><br>       *Plaintiff,*<br><br>v.<br><br>PHILADELPHIA GAS WORKS et al.,<br><br>       *Defendants.* | CIVIL ACTION<br>NO. 19-4275 |

**PAPPERT, J.**                                                                                                                                                                                                                                    **January 31, 2020**

<u>**MEMORANDUM**</u>

After Dwayne Ackie's coworker filed an internal discrimination complaint with their employer Philadelphia Gas Works, PGW began an investigation. Soon thereafter, Ackie claims that PGW's management implemented various policies in retaliation for his and other African American employees' participation in the investigation. Ackie now sues PGW and his union, Gas Works Employees' Local 686, alleging retaliation, hostile work environment, disparate treatment discrimination and disparate impact discrimination on the basis of his race, color and national origin in violation of Title VII and the Pennsylvania Human Relations Act.[1] PGW filed a Motion to Dismiss the disparate impact claim, which the Court grants for the reasons that follow.

---

[1] The same legal standards apply to Title VII and Pennsylvania Human Relations Act claims, so the Court will refer only to Title VII for the remainder of this opinion. *Crawford v. Verizon Pa., Inc.*, 103 F. Supp. 3d 597, 603 (E.D. Pa. 2015) (citing *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 409 (3d Cir. 1999)).

1

# I

Ackie is an African American man of Caribbean descent who began working for PGW in 2011. (Am. Compl. ¶¶ 10–12, ECF No. 8.) In 2017, he became a senior process operator and is currently employed at PGW's Gas Processing Operations Passyunk Plant. (*Id*. ¶ 13.)

According to Ackie, in December of 2017 his co-worker Miguel Chavarria filed an internal complaint with PGW alleging discrimination against African American, black and brown employees. (*Id*. ¶ 18.) PGW management interviewed several employees, including Ackie. *See* (*id*. ¶¶ 18–24). During the investigation and continuing thereafter, Ackie alleges that the work environment at the Passyunk plant became unsafe and hostile, with plant management making and enforcing new rules. (*Id*. ¶¶ 25–26.) For example, he claims that plant management created a rule "prevent[ing] non-management personnel from using the plant vehicles for their job performance except with the permission from management." (*Id*. ¶ 27.)

In the Amended Complaint, Ackie also discusses an annual work assignment at PGW, which he refers to as the "LNG truck unloading process." (*Id*. ¶¶ 28–29.) In 2018, he alleges that the truck unloading process took place from January until March during the night shift at the Passyunk plant. (*Id*. ¶ 30–32.) During that time, Ackie claims that he, along with two African American and two Caucasian employees from the Passyunk plant, were available to work on the process. (*Id*. ¶ 34.) Nonetheless, Ackie claims that PGW management initially only scheduled Pat McGlone, a Caucasian process operator from the Richmond plant, for the work. (*Id*. ¶¶ 14(j), 36.) PGW then assigned two more Richmond plant employees—Ryan Purcell (Caucasian) and John

Macomber (Caucasian Hispanic)—to complete the project. (*Id*. ¶¶ 14(k), 34, 37.) In doing so, Ackie alleges that PGW management intentionally "excluded black and brown process operators from LNG truck unloading work," in retaliation for their participation in the internal investigation. (*Id*. ¶¶ 38–39.) This scheduling decision, according to Ackie, prevented process operators from earning overtime pay. (*Id*.)

II

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the facts pled "allow[ ] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When the complaint includes well-pleaded factual allegations, the Court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). However, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). This plausibility determination is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

III

A

Count IV of the Amended Complaint alleges a Title VII disparate impact claim on the basis of race, color and national origin. (Am. Compl. ¶¶ 108–112.) Ackie avers that PGW's "policies and practices of plant vehicles, scheduling work and scheduling overtime," created a disparate impact on protected class members, including himself. (*Id.* ¶ 109.) PGW asks the Court to dismiss Count IV, arguing that Ackie fails to plead sufficient facts alleging specific employment policies or that such policies had a disparate impact on members of a protected class. *See generally* (Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 11).

To establish a *prima facie* disparate impact claim, the plaintiff must show that a facially neutral employment policy or practice resulted in a significantly discriminatory pattern. *Lanning v. SEPTA*, 181 F.3d 478, 485 (3d Cir. 1999). To do so, the plaintiff must first identify a specific employment practice or policy to challenge. *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994 (1988) (plurality opinion). He then must prove causation by offering statistical evidence sufficient to show that the practice or policy at issue resulted in discrimination. *Id.* The burden on a Title VII plaintiff at the motion to dismiss phase, however, "is much less onerous." *Ladd v. Boeing Co.*, 463 F. Supp. 2d 516, 523 (E.D. Pa. 2006) (quoting *Powell v. Ridge*, 189 F.3d 387, 394 (3d Cir. 1999), *overruled on other grounds by Alexander v. Sandoval*, 532 U.S. 275 (2001)). To survive dismissal, all Ackie must do is plead facts sufficient to allege that a facially neutral

policy or practice's adverse effects fall disproportionately on a group protected by Title VII to which he belongs. *Ladd*, 463 F. Supp. 2d at 523.

B

Ackie's disparate impact claim includes three different policies—use of plant vehicles, scheduling work and scheduling overtime—which the Court addresses in turn. *See* (Am. Compl. ¶ 109).

1

The first policy that Ackie identifies is PGW's "use of plant vehicles," (*id.*), which the Court understands as a reference to the policy of "plant management prevent[ing] non-management personnel from using plant vehicles for their job performance except with permission from management." (*Id.* ¶ 27.) According to Ackie, management established this policy in retaliation for his and other African Americans' participation in the internal race discrimination investigation. (*Id.* ¶ 39.)

Although Ackie identifies a specific policy, his conclusory allegation that the policy "adversely impacted[ed] protected class members" is insufficient to withstand a motion to dismiss. (Am. Compl. ¶ 111); *see, e.g., Knox v. PPG Indus., Inc.*, 2016 WL 279004, at *6–7 (W.D. Pa. Jan. 22, 2016) ("While Plaintiff does employ some disparate-impact buzzwords in her complaint—e.g., she claims that PPG's policies 'adversely impacted' women—these 'are bare legal conclusions, not facts[,]' [. . .], and thus cannot carry Plaintiff's claim over the plausibility threshold."). Indeed, Ackie provides no facts anywhere in the Amended Complaint to support his allegation that the vehicle policy had a disparate impact on African American, black or brown employees. That the purported facially neutral policy was created by management as a retaliatory response

5

to the internal investigation also makes clear that the policy was one of *intentional* discrimination. He accordingly fails to allege a disparate impact claim with respect to the vehicle policy.

2

Ackie next alleges that PGW's "scheduling work and scheduling overtime" policies had a disparate impact on protected class members. (Am. Compl. ¶ 109.) In making this allegation, however, he fails to identify a "specific employment practice." *Watson*, 487 U.S. at 994. Instead, Ackie alleges facts that PGW management assigned Caucasian employees from the Richmond plant—rather than African American employees from the Passyunk plant—to perform the LNG truck unloading process. (*Id.* ¶¶ 28–38.) But nowhere in the Amended Complaint does he refer to a specific scheduling or overtime policy, and simply equating his personal observations with a PGW policy does not make them so. *See Hanrahan v. Bank Rome LLP*, 142 F. Supp. 3d 349, 354 (E.D. Pa. 2015) (explaining that plaintiff's observations regarding law firm hiring practices fails to equate to a specific employment practice). Ackie has accordingly failed to state a Title VII disparate impact claim and the Court dismisses Count IV with respect to Defendant PGW.

IV

Courts should freely give leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). "This certainly includes amendment to cure defective allegations." *Shifflett v. Korszniak*, 934 F.3d 356, 366 (3d Cir. 2019) (citing 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1474 (3d ed. 2019)). Ackie is free to

amend Count IV consistent with this Memorandum and to the extent he can allege facts sufficient to state a plausible claim for relief.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.